UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20187-CR-KING

UNITED STATES OF AMERICA,

vs.

BRITTNEY LYNN ROBERTS,

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION FOR DOWNWARD VARIANCE

The Defendant's sentencing hearing, held on September 9, 2015, was continued to allow the Court to consider the Government's *ore tenus* motion for a downward variance from the United States Sentencing Guidelines Provisions recommending an imprisonment range of twenty-four to thirty-six months.

## BACKGROUND

**Factual Background**

Defendant Brittney Lynn Roberts waived prosecution by indictment and pled guilty to an Information (DE 1) charging her with conspiring with her father and brother to sell forged paintings and works of art created by artist Peter Maxx in violation of 18 U.S.C. § 1349. Defendant engaged in a conspiracy to make forgeries of artworks to be sold in her father's gallery. At their father's direction, Defendant and her brother forged works of art which were then sold by their father through his art gallery. The conspiracy ensnared twenty-five victims, and caused an actual monetary loss of $850,180. The

1

Defendant, her father Leslie Roberts, Jr. and her brother Leslie Roberts' III were indicted in three separate cases, which were assigned under the blind, random, assignment system of the Southern District of Florida to three different U.S. Judges of this Court.

Each case proceeded separately before three separate judges. The father was the first of the three sentencing hearings to be held. After pleading guilty and agreeing to assist the government in its prosecution of the separate cases pending in other divisions of court against his son and daughter, the government rewarded Leslie Roberts, Jr. with a §5K1.1 motion for downward variance from the thirty-three months to forty-one months the father would have otherwise received under a U.S. Sentencing Guideline Range. The judge granted the government motion and reduced Defendant father's sentence to twenty-two months of incarceration and three years of supervised release.

The defendant's brother, Leslie Roberts III, was named in a six-count Indictment charging him with the same conspiracy to forge paintings and commit mail and wire fraud, in violation of 18 U.S.C. § 1349. On March 24, 2015, he pled guilty to Count One of the Indictment. On June 10, 2015, he was sentenced to three years' probation, the first six months home confinement and $850,180 restitution to be paid joint and severally with his co-conspirators. In this case, the second of the three sentencings, the Court varied below the guidelines providing for a Presentence Investigation Report reconsidering the same imprisonment range of thirty-three to forty-one months.

Defendant and the Government are in agreement that Defendant's father and brother were more culpable in this conspiracy than Defendant. Indeed, Defendant

received a three-level reduction of her offense level based on her role as a "minimal participant in the offense." *See* Presentence Investigation Report at 11.

The calculation of the advisory guideline provisions, as submitted in the Presentence Investigation Report, reflect for this Defendant the following calculation:

    Base Offense Level: 7
    Specific Offense Characteristics: +14
    21 Identifiable Victims: +2
    Adjustment for Role in the Offense: -3
    Obstruction of Justice: None (0)
    Adjusted Offense Level (Subtotal): 20
    Acceptance of Responsibility: -2
    Assistance to Government: -1
    Total Offense Level: 17

Under the advisory guidelines, this translates into a recommended range of twenty-four to thirty months' imprisonment. After full timely disclosure by the Probation Office to the Defendant and counsel for the government, no objections were filed pursuant to Administrative Order 95-02, by either the Defendant, her defense counsel or the Assistant United States Attorney. Neither counsel, the defendant nor the government, filed written motions requesting a variance from the advisory guideline range.

**The Sentencing Hearing**

At the hearing, Defendant and the Government stated on the record their joint agreement that Defendant's sentencing range under the Guidelines is twenty-four to thirty months of incarceration. The parties neither made any objections to the Presentence Investigation Report, nor did either side file any motion requesting a variance. However, during the hearing, the Government made an *ore tenus* motion for a downward variance

based on a perceived need to avoid unwarranted sentence disparities between Defendant and her brother.[1]

Stated simply, the Government requested that this Court impose upon Defendant a lighter sentence than that which her brother received.[2] Specifically, the Government requested a downward variance to a sentence of three years of probation, together with three months of home confinement—a twenty-four month reduction from the low end of the range prescribed by the Guidelines. The Government's motion for downward variance is premised upon its belief that, relative to her brother's sentence, it is "unfair for a more culpable defendant to receive a term of probation and . . . [D]efendant, sitting in a different position, to be sentenced to a term of imprisonment." *See* Transcript of Sentencing Hearing, September 9, 2015, at 23 [hereinafter, "Transcript"].

Referring to Defendant's brother's sentence, the Court initially remarked,

> Now, I do not lose sight of the fact, nor should any of us, that home confinement is a penalty. It is and it deprives a person of liberty. So it is punishment. But in comparing that to a week in jail, there's no comparison. So, home confinement, while it is punishment . . . it's nothing compared to jail time. And, [for another judge to] depart from the sentencing guideline provisions to this extent and then to ask me or any other judge . . . to do the same thing in the interest of making all these sentences nondisparate . . . is something I just am having a great difficulty doing.

---

[1] "Your Honor, I want to be clear, the Government is framing its request for a blow-guideline sentence as a variance in recognition of one Section 3553(a)(6), which directs and announces the purpose of sentencing that the Court should, whenever possible, avoid unwarranted disparities between conspirators." (Transcript of Sentencing Hearing, September 9, 2015, at 11.)

[2] Her brother's sentence constituted a thirty-three month downward variance from the range prescribed by the Guidelines of thirty-three to forty-one months.

4

*Id.* at 15. As the hearing progressed, the Government apprised the Court that it had been vehemently opposed to the probationary sentence that Defendant's brother received in his case, and that the Government considered the reduction he was granted to be "excessive." *Id.* at 25. The Court recessed the sentencing hearing to carefully consider the Government's motion for downward variance.

## DISCUSSION

The sentencing of this Defendant comes before the Court in a difficult posture, which is the result of several factors: the piecemeal manner in which this conspiracy was prosecuted resulted in the three conspirators appearing before three separate divisions of the Southern District of Florida for sentencing; the organizer of the conspiracy received a sentence below his less-culpable co-conspirators' Guideline ranges due to his substantial assistance in their prosecutions; the next-most-culpable conspirator received a sentence of probation with six months of home confinement, despite his thirty-three to forty-one month Guideline range; and Defendant, who it is stipulated is the least culpable of the three, faces an advisory sentence of twenty-four to thirty months under the Guidelines. In the interest of avoiding disparity between Defendant's sentence and that of her co-conspirators, the Government asks the Court to impose a sentence of three years of probation with three months of home confinement. The U.S. Attorney has entered into an agreement with defense counsel to recommend probation.

The Court is concerned by the extreme nature of the Government's requested downward variance. The Sentencing Commission formulated, and constantly refines, the Guidelines "'base[d] on empirical data and national experience, guided by a professional

5

staff with appropriate expertise.'" *Kimbrough v. U.S.*, 552 U.S. 85, 109 (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita*, 551 U.S. 338, 350 (2007)).

While the Guidelines are advisory, *United States v. Booker*, 543 U.S. 220, 245 (2005), district courts must treat the Guidelines as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Thus, the Court is obliged to begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See Rita*, 551 U.S. at 347-48. Then, after giving the parties an opportunity to argue for whatever sentence they deem is appropriate, the Court must "consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 49-50 (citing *Rita*, 551 U.S. at 351). Accordingly, the Court must make an "individualized assessment based on the facts presented" and then "consider the extent of the deviation [requested] and ensure that the justification is sufficiently compelling to support the degree of variance." *Id.* at 50.

In the instant case, there is no dispute that Defendant's Guideline range is twenty-four to thirty months of incarceration. In absolute terms, the variance requested in this case is relatively small. The Government requests a twenty-four month downward variance from the low-end of Defendant's Guideline range. However, in relative terms, the variance is a major departure from the Guidelines. The U.S. Sentencing Guidelines

6

establish an incarcerative sentence of two to two-and-a-half years in prison for this crime. The Government requests a probationary three months home confinement sentence without incarceration.

The Government argues for this sentence on the basis that it would be unfair for Defendant, the least-culpable of the three co-conspirators, to receive the largest sentence imposed in their three related cases. The Government also discussed Defendant's age, as well as the nature and circumstances of the offense, as grounds for downward variance.

For the reasons that follow, and upon consideration of all of the § 3553(a) factors, the Court concludes that the government's decision to prosecute the same crime, a conspiracy to defraud by selling forged art, by three conspirators (a father, son and daughter) into three separate informations before three difference judges has left this Court with no option except to sentence, Defendant Brittney Lynn Roberts, to a non-incarcerated probationary as the government has agreed with Defendant.

Defendant's brother received a sentence that was reduced to an extent the Government considers "excessive," yet the Government would have this Court use her brother's sentence as the starting point from which to calculate Defendant's sentence. While the Court expressed its sympathy for the notion that it would appear inequitable for Defendant to receive the largest of the sentences imposed upon the members of her conspiracy, the Court also pointed out that the requested starting point presents its own difficulties. And stated,

> [t]he difficulty . . . is not of [Defendant's] making. This is not her fault. [Defendant] didn't have, presumably, or her counsel, anything to do with the sentences that were imposed [in her co-conspirators' cases] . . . But as

7

far as giving her the benefit of all that, with something that was a departure downward from what could have been thirty-three months' minimum [on the] low end . . . to probation is more of a variance than I, in good conscience, . . . with this particular crime and with the sentencing guideline provisions, am prepared to give or to do.

Transcript at 20.

Upon further consideration, the Court finds that it must grant the Government's requested downward variance, which seeks to avoid disparity with an unconscionably low sentence.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that the Government's *ore tenus* Motion for Downward Variance be, and the same is, hereby **GRANTED**.

Defendant will be sentenced on **Tuesday, September 29, 2015 at 10:30 a.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom 2, Miami, FL, in accordance with the Court's decision expressed herein, to a non-incarcerated home confinement period.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of September, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record